IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

J. PATRICK DOHM,

    Plaintiff,

v.                                        No. CV 14-0898 KG/CEG

UNITED STATES OF AMERICA,

    Defendant.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

    This matter comes before the Court on Plaintiff's Motion for Relief from a Judgment Pursuant to Federal Rules of Civil Procedure 60(b)(4) and (6), (d)(1) and (3) (the "60(b) motion") (Doc. 1) filed on October 2, 2014. Also before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP") (Doc. 3). Plaintiff asks the Court to quash an indictment and set aside the resulting judgment entered in 1984 in a criminal proceeding in the United States District Court for the Northern District of Illinois.

    As the Illinois court recently described Plaintiff's criminal proceeding,[1] "On February 19, 1982, a federal grand jury returned a five-count indictment against petitioner, J. Patrick Dohm, charging him with violations of 18 U.S.C. § 2314. Dohm was found guilty and was ultimately sentenced on December 5, 1984 to five years probation, restitution in the amount of $100,000, and community service. See United States v. Dohm, No. 82-CR-20003, aff'd [No. 82-2627] (7th Cir. March 19, 1984) (unpublished opinion)." *Dohm v. United States*, No. 12-cv-50013 (Doc. 5

---

[1] Records of Plaintiff's earlier proceedings cited herein are found on the Federal Courts' PACER Case Locator Service, https://pcl.uscourts.gov/ (last visited on October 7, 2014). *See United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (taking judicial notice of another court's publicly filed records "concerning matters that bear directly upon the disposition of the case at hand").

at 1) (N.D. Ill. Jan. 23, 2012).

Since the conclusion of the criminal case, Plaintiff has sought relief from his conviction at least four times in earlier collateral proceedings. In its recent order, the Illinois court noted that Mr. Dohm "has twice previously sought to attack the indictment and conviction via a motion for a writ of error coram nobis and § 2255, both [of which] were denied as meritless." *Id.* On April 17, 2009, having failed to obtain relief in the Illinois court where he was convicted, Plaintiff filed a motion to quash indictment and for a writ of error coram nobis in the United States District Court for the District of Kansas, again attacking his Illinois conviction. *See Dohm v. United States*, No. CV 09-3088-RDR (Doc. 1) (D. Kan. Apr. 17, 2009). The Kansas court "decline[d] to exercise its jurisdiction over petitioner's challenge to his 1982 conviction in the Northern District of Illinois" and dismissed the motion. *Dohm*, No. CV 09-3088-RDR, Doc. 2 at 3-4. Plaintiff then returned to the Illinois court, where, on January 12, 2012, he filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 and motion for relief from judgments under Fed. R. Civ. P. 60(b)(4). *Dohm v. United States*, No. 12-cv-50013 (Doc. 1) (N.D. Ill. Jan. 12, 2012). The court found "no basis for relief" under either § 2241 or rule 60(b)(4), *see id.* (Doc. 5 at 1, 2), and denied the petition-motion, *see id.* (Doc. 5 at 2).

As was true of Plaintiff's earlier post-conviction petitions, his 60(b) motion here provides no basis for relief. "A motion under Rule 60(b) 'is a civil motion that is not available to an individual challenging his sentence.'" *United States v. McCalister*, 601 F.3d 1086, 1087 (10th Cir. 2010) (citation omitted). Furthermore, "after [final judgment] a pleading challenging the adequacy of an indictment is properly deemed a § 2255 motion." *United States v. Preciado-Quinonez*, 53 F. App'x 6, 7 (10th Cir. 2002). "The exclusive remedy for testing the

2

validity of a judgment . . . , unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255," *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965), and "[n]either . . . rejection of his claim previously nor the inability to bring a related claim renders the remedy afforded by § 2255 ineffective." *Graham v. Wands*, 407 F. App'x 287, 288 (10th Cir. 2011). Relief from Plaintiff's conviction is only available under § 2255 and may not be granted under rule 60(b).

Of course, this Plaintiff's pro se characterization of his claims is not dispositive, *see Roman-Nose v. New Mexico Dep't of Human Servs.*, 967 F.2d 435, 436-37 (10th Cir. 1992), and the Court could construe his 60(b) motion as seeking relief under 28 U.S.C. § 2241 or § 2255, *see United States v. Holly*, 435 F. App'x 732, 734-35 (10th Cir. 2011) (approving district court's recharacterizing of defendant's post-conviction pleadings). Recharacterizing Plaintiff's claims would not benefit him, however, because he has previously sought relief under these statutes and thus his claims are res judicata. Also, the Court has no jurisdiction of a § 2241 petition filed by a non-custodial petitioner, *see* § 2241(c) -- particularly one who resides outside the District, *cf. United States v. Scott*, 803 F.2d 1095, 1096 (10th Cir. 1986) -- and a § 2255 motion must be filed in the Court which imposed sentence, *see* § 2255(a). Even under the habeas corpus statutes the relief that Plaintiff seeks is not available in this Court, and his motion will be dismissed.

As noted by the District Court in Kansas, Plaintiff's 60(b) motion "seeks relief similar to habeas corpus." *Dohm v. United States*, No. CV 09-3088-RDR (Doc. 2 at 1) (D. Kan. May 22, 2009). The Court will therefore grant his IFP application and waive filing fee payments.

IT IS THEREFORE ORDERED that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 3) is GRANTED, and filing fee payments are WAIVED;

IT IS FURTHER ORDERED that Plaintiff's Motion for Relief from a Judgment Pursuant to Federal Rules of Civil Procedure 60(b)(4) and (6), (d)(1) and (3) (Doc. 1) filed on October 2, 2014, is DISMISSED; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE